## LOCAL BANKRUPTCY FORM 3015-1

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**IN RE:**
**JESSE LEE WOODBURN**

**CHAPTER:** 13

**CASE NO.** 1:26-bk- 03623 HWV

**Debtor(s)**

☐ ORIGINAL PLAN
1ˢᵗ AMENDED PLAN (indicate #)
0 Number of Motions to Avoid Liens
0 Number of Motions to Value Collateral

### CHAPTER 13 PLAN

### NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | ☐ Included | ☒ Not Included |
|---|---|---|---|
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included | ☒ Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase- money security interest, set out in § 2.G | ☐ Included | ☒ Not Included |

### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

1

## 1. PLAN FUNDING AND LENGTH OF PLAN.

### A. <u>Plan Payments From Future Income</u>

1. To date, the Debtor paid <u>$1,690.00</u> (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is <u>$65,642.00</u> plus other payments and property stated in § 1B below:

| Start mm/yyyy | End mm/yyyy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| June, 2026 | December, 2030 | $1,142.00 | | $1,142.00 | $63,952.00 |
| | | | | Total Payments: | $63,952.00 |

2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

4. *Check One:*
   ☑ Debtor is at or under median income.

### B. <u>Additional Plan Funding From Liquidation of Assets/Other</u>

1. The Debtor estimates that the liquidation value of this estate is $ 0.00. (Liquidation value is calculated as the value of all non- exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

   *Check one of the following two lines:*
   ☒ No assets will be liquidated. *If this is checked, skip § 1.B.2 and complete § 1.B.3 if applicable.*

   ☐ Certain assets will be liquidated as follows:

2. In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $ Enter text here from the sale of property

2

known and designated as Enter text here. All sales shall be completed by Date. If the property does not sell by the date specified, then the disposition of the property shall be as follows: Enter text here

3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows: Enter text here

## 2. SECURED CLAIMS.

### A. Pre-Confirmation Distributions. *Check One:*

☑ None.

### B. Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor. *Check One:*

☐ None.
*If this is checked, the rest of § 2.B need not be completed or reproduced.*

☒ Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| PennyMac Loan Services, LLC | 703 Erie Street, Dauphin, Pennsylvania 17018 | 2389 |

### C. Arrears (Including, but not limited to, claims secured by Debtor's principal residence). *Check One:*

☐ None.
*If this is checked, the rest of § 2.C need not be completed or reproduced.*

☒ The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

3

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Postpetition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| PennyMac Loan Services, LLC | 703 Erie Street, Dauphin, Pennsylvania 17018 | Per allowed proof of claim ($49,058.04 est.) | Per allowed proof of claim ($5,615.80 est.) | Per allowed proof of claim ($54,673.84 est.) |

D. **Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.)** *Check One:*

    ☑ None.

E. **Secured claims for which a § 506 valuation is applicable.** *Check One:*

    ☑ None.

F. **Surrender of Collateral.** *Check One:*

    ☑ None.

G. **Lien Avoidance.** *Do not use for mortgages or for statutory liens, such as tax liens. Check One:*

    ☑ None.

## 3. PRIORITY CLAIMS.

### A. Administrative Claims

1. <u>Trustee's Fees.</u> Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

2. <u>Attorney's fees.</u> Complete only one of the following options:

    a. In addition to the retainer of $ 0.00 already paid by the Debtor, the amount of $5,000.00 in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

    b. The balance of fees owed to the attorney for the debtor(s) is estimated to be $ Enter text here. This estimate is used in determining compliance with § 1322(a)(2)

4

and feasibility under § 1325(a)(6). Additional fees may be approved under § 330. If allowance of such fees would alter the treatment or distribution to secured or priority creditors under this plan, the debtor must seek modification under § 1329. Approved fees may reduce the distribution to general unsecured creditors, consistent with the priority scheme established in this plan.

3.   Other. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. *Check one:*

☑   None.

## B. Priority Claims (including certain Domestic Support Obligations).

Allowed unsecured claims entitled to priority under § 1322(a) will be paid in full unless modified under §9.

| Name of Creditor | Estimated Total Payment |
|---|---|
|  |  |
|  |  |

## C. Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B). *Check one:*

☑   None.

## 4. UNSECURED CLAIMS.

### A.   Claims of Unsecured Nonpriority Creditors Specially Classified. *Check one:*

☑   None.

### B.   Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.

## 5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES. *Check one:*

☑   None.

## 6. VESTING OF PROPERTY OF THE ESTATE.

5

**Property of the estate will vest in the Debtor upon**

*Check the applicable line:*

☐ plan confirmation.

☐ entry of discharge.

☒ closing of case.

## 7. DISCHARGE: *(Check one)*

☒ The debtor will seek a discharge pursuant to § 1328(a).

☐ The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

## 8. ORDER OF DISTRIBUTION:

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

Payments from the plan will be made by the Trustee in the following order:

Level 1: Enter text here

Level 2: Enter text here

Level 3: Enter text here

Level 4: Enter text here

*If the above Levels are filled in, the rest of § 8 need not be completed or reproduced.* If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

Level 1: Adequate protection payments.
Level 2: Debtor's attorney's fees.
Level 3: Domestic Support Obligations.
Level 4: Priority claims, pro rata.
Level 5: Secured claims, pro rata.
Level 6: Specially classified unsecured claims.
Level 7: Timely filed general unsecured claims.
Level 8: Untimely filed general unsecured claims to which the Debtor has not objected.

## 9. NONSTANDARD PLAN PROVISIONS.

Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)

None.

Dated: May 18, 2026

s/Chad J. Julius
Attorney for Debtor

s/Jesse L. Woodburn
Debtor

Joint Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.

7

**IN THE UNITED STATES BANKRUPTCY COURT**
**OF THE MIDDLE DISTRICT OF PENNSYLVANIA**

IN RE:   Jesse Lee Woodburn  :  Case No: **1:26-bk-03626 HWV**

                               :

           Debtor,  :  Chapter 13

       Notice is hereby given that Michael Joseph Brennan, Jr. (the "Debtor") has filed a **1ˢᵗ Amended Chapter 13 Plan** (the "Plan"). The hearing on confirmation of the Plan of reorganization of the Debtor is scheduled for **July 8, 2026** at **9:30 a.m.** The hearing will be held at the United States Bankruptcy Court, Courtroom 4B of the Sylvia H. Rambo United States Courthouse, 1501 North 6ᵗʰ Street, Harrisburg, Pennsylvania 17102.

**July 1, 2026** is the deadline for filing objections to confirmation of the Plan. Anyone wishing to object to the Plan must do so in writing. Any objection shall be in accordance with the Federal Rules of Bankruptcy Procedure, must set forth specifically the basis for such objection, and must be filed with the Clerk of the United States Bankruptcy Court at the address set forth below on or before **July 1, 2026.** The objecting party shall appear at the hearing. Unless objections are timely filed and t25he objecting party appears at the hearing, the Court may approve the Plan. A copy of any objection to the Plan must be served on Debtor's counsel, 8150 Derry Street, Harrisburg, Pennsylvania 17111, facsimile 717-909-7878, such that they have receipt of such objection on or before **July 1, 2026.**

---

Initial requests for a continuance of hearing (L.B.F. 9013-4, Request to Continue Hearing/Trial with Concurrence) shall be filed with the Court. Requests received by the Court within twenty-four (24) hours of the hearing will not be considered except in emergency situations. Additional requests for continuance must be filed as a Motion.

Requests to participate in a hearing telephonically shall be made in accordance with L.B.R. 9074-1(a).

---

     *Please note that evidentiary hearings will not be conducted at the time of the confirmation hearing. If it is determined during the confirmation hearing that an evidentiary hearing is required, the evidentiary hearing will be scheduled for a future date.*

Copies of all documents filed in connection with this matter are available for inspection at the Clerk's office located on the 3ʳᵈ floor of the Sylvia H. Rambo United States Courthouse, 1501 North 6ᵗʰ Street, Harrisburg, Pennsylvania 17102

                                   CLERK
                                   UNITED STATES BANKRUPTCY COURT
                                   MIDDLE DISTRICT OF PENNSYLVANIA
                                   THE SYLVIA H. RAMBO COURTHOUSE
                                   1501 N. 6ᵗʰ Street

Date: May 18, 2026              HARRISBURG, PA 17102

1

## CERTIFICATE OF SERVICE

I, Dera Shade, with Jacobson, Julius & Harshberger do hereby certify that on this day I served the within *Notice to Parties in Interest and First Amended Chapter 13 Plan* upon the following persons via the ECF/CM or Certificated Mail system and/or by depositing a true and correct copy of the same in the United States Mail, first class, postage prepaid:

<u>ECF/CM:</u>
Jack N Zaharopoulos (Trustee)

U.S. Trustee

<u>VIA FIRST-CLASS MAIL</u>

All other creditors on the mailing matrix (attached).

DATED: May 11, 2026          <u>s/Dera Shade</u>

2

Label Matrix for local noticing
.0314-1
Case 1:25-bk-03623-HWV
Middle District of Pennsylvania
Harrisburg
Mon May 18 17:09:43 EDT 2026

U.S. Bankruptcy Court
Sylvia H. Rambo US Courthouse
1501 N. 6th Street
Harrisburg, PA 17102-1104

CFNA
Attn: Bankruptcy
Bk?11/Customer Service Po Box 81315
Cleveland, OH 44181-0315

Comenity Bank/Victoria Secret
Attn: Bankruptcy
Po Box 182125
Columbus, OH 43218-2125

Comenity/Cosmo Prof
Comenity Bank, Bankruptcy Department
Po Box 182125
Columbus, OH 43218-2125

Comenity/Sally
Attn: Bankruptcy Department
Po Box 182125
Columbus, OH 43218-2125

Commercial Acceptance Company
Attn: Bankruptcy
2300 Gettysburg Road, Suite 102
Camp Hill, PA 17011-7303

Credit Acceptance
Attn: Bankruptcy
25505 West 12 Mile Road Ste 3000
Southfield, MI 48034-8331

Credit Collection Services
Attn: Bankruptcy
725 Canton St
Norwood, MA 02062-2679

Eng Lending
3508 Laramie Drive, Suite 2b
Bozeman, MT 59718-2006

(p)JEFFERSON CAPITAL SYSTEMS LLC
PO BOX 7999
SAINT CLOUD MN 56302-7999

Jefferson Capital Systems, Llc
Attn: Bankruptcy
200 14th Ave E
Sartekk, MN 56377-4500

KML Law Group, P.C.
701 Market Street
Philadelphia, PA 19106-1538

LVNV Funding LLC/Resurgent Capital Servi
Resurgent Correspondence, Attn: Bankrupt
Po Box 1269
Greenville, SC 29602-1269

LVNV Funding, LLC
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

Members 1st FCU
Attn: Bankruptcy
Po Box 8893
Camp hill, PA 17001-8893

Midland Credit Management, Inc.
PO Box 2037
Warren, MI 48090-2037

Midland Credit Mgmt
Attn: Bankruptcy
Po Box 939069
San Diego, CA 92193-9069

PP&L Electrict Services
Customer Service
827 Hausman Road
Allentown, PA 18104-9392

PennyMac Loan Services, LLC
PennyMac Loan Services, LLC, Attn: Bankr
Po Box 514387
Los Angeles, CA 90051-4387

PennyMac Loan Services, LLC.
P.O. Box 2410
Moorpark, CA 93020-2410

United States Trustee
US Courthouse
1501 N. 6th St
Harrisburg, PA 17102-1104

Verizon
500 Technology Drive
Ste. 550
Weldon Springs, MO 63304-2225

Verizon
by AIS InfoSource LP as agent
PO Box 4457
Houston, TX 77210-4457

WebBank
PO Box 105555
Atlanta, GA 30348-5555

Chad J. Julius
Jacobson, Julius & Harshberger
8150 Derry Street
Harrisburg, PA 17111-5212

(p)JACK N ZAHAROPOULOS
ATTN CHAPTER 13 TRUSTEE
8125 ADAMS DRIVE SUITE A
HUMMELSTOWN PA 17036-8625

Jesse Lee Woodburn
703 Erie Street
Dauphin, PA 17018-9762

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Jefferson Capital Systems, LLC
PO BOX 7999
SAINT CLOUD, MN 56302-9617

(d)Jefferson Capital Systems, LLC
PO BOX 7999
ST.CLOUD, MN 56302-9617

Jack N Zaharopoulos
Standing Chapter 13
(Trustee)
8125 Adams Drive, Suite A
Hummelstown, PA 17036

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)PENNYMAC LOAN SERVICES, LLC

End of Label Matrix
Mailable recipients    27
Bypassed recipients     1
Total                  28